IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN LOUIS WEAVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-4211 |
| | § | |
| DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER GRANTING
### RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending is Respondent's Motion for Summary Judgment (Document No. 9), in which Respondent argues that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) should be dismissed as time-barred. Having considered Respondent's motion, Petitioner's response and supplemental response (Document Nos. 14 & 16), the claims Petitioner raises in this proceeding, the state court records, and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, and this § 2254 proceeding is dismissed as time-barred under 28 U.S.C. § 2244(d).

---

[1] On March 16, 2005, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 15.

I. **Procedural History**

Petitioner Steven Louis Weaver ("Weaver") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a felony driving while intoxicated offense in the 185th District Court of Harris County, Texas, Cause No. 848359. Weaver was charged with that offense on July 24, 2000, was found guilty by a jury on November 9, 2000, and was sentenced to thirty-nine years incarceration. Weaver appealed his conviction and sentence to Texas' Sixth Court of Appeals. In a published opinion, entered on September 14, 2001, the Court of Appeals reformed the judgment "to reflect the conviction of Weaver for a misdemeanor class B driving while intoxicated offense under Tex. Pen. Code Ann. § 49.04(b)." *Weaver v. State*, 56 S.W.3d 896, 899 (Tex. App-Texarkana 2001). The State then sought review of that decision in a petition for discretionary review it filed with the Texas Court of Criminal Appeals. The State's petition was granted and, in a published opinion entered on September 11, 2002, the Texas Court of Criminal Appeals reversed the decision of the Texas Court of Appeals and reinstated the trial court's judgment. *Weaver v. State*, 87 S.W.3d 557 (Tex. Crim. App. 2002). Weaver filed a petition for writ of certiorari with the United States Supreme Court, which was denied on March 10, 2003.

On March 20, 2003, Weaver filed his first state application for writ of habeas corpus. *Weaver v. Cockrell*, Civil Action No. H-03-1415. That application was dismissed by the District Court on February 11, 2004, for failure to exhaust state court remedies. *See* Document Nos. 9 & 10 in Civil Action No. H-03-1415. Weaver then, on March 9, 2004, filed a state application for writ of habeas corpus. On October 13, 2004, Weaver's state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order on the findings of the state trial court

without a hearing. This second § 2254 proceeding, filed by Weaver on October 25, 2004,[2] followed.

Respondent has filed a Motion for Summary Judgment (Document No. 9), arguing that the claims raised in this proceeding are time-barred, to which Petitioner has filed a response and a supplemental response in opposition (Document Nos. 14 & 16).

**II.     Discussion – Limitations**

Under 28 U.S.C. § 2244(d), applicants for federal habeas corpus relief are subject to a one year limitations period as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] For purposes of § 2244(d)'s limitation period, Weaver's § 2254 application is deemed to have been filed on the date he placed the application in the mail system for filing. *See Houston v. Lack*, 487 U.S. 266 (1988) (announcing a "mailbox rule" for *pro se* prisoner filings, whereby a prisoner's *pro se* filing is deemed filed as of the date such filing is entrusted to the prison mail system); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding, in reliance on *Lack*, that "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing"). Weaver's § 2254 application was signed and dated October 25, 2004, and is file-stamped as having been received by the Clerk on October 28, 2004. For purposes of calculating the limitations period, October 25, 2004, is determined to be the date that Weaver placed his § 2254 application in the prison mail system for filing.

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Weaver's conviction became final on March 10, 2003, when the petition for writ of certiorari he filed with the United States Supreme Court was denied. Weaver then had, under § 2244(d), one year from March 10, 2003, until March 10, 2004, not including the time during which he had a *state* review proceeding pending, *see* § 2244(d)(2), to file a timely § 2254 application.[3] Weaver's state application for writ of habeas corpus, which was filed by him on March 9, 2004, was file *one* day before the one year limitations period expired. The limitations period was then tolled, pursuant to § 2244(d)(2), from March 9, 2004, until October 13, 2004, the time during which that state habeas corpus proceeding was pending. The limitations period then began to run again on October 13, 2004, and expired one day later, on October 14, 2004. This § 2254 proceeding, filed by Weaver on October 25, 2004, was filed beyond the one year limitations period and is time-barred. While Weaver argues that equitable tolling should be available to save this late-filed § 2254 proceeding from dismissal, the Court concludes that equitable tolling is not available on these facts.

Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus application. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d

---

[3] Weaver acknowledges, consistent with the Supreme Court's ruling in *Duncan v. Walker*, 533 U.S. 167 (2001), that the time his prior federal application for writ of habeas corpus was pending does not statutorily toll the limitations period under § 2244(d)(2).

398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

The Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.2d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402). In *Davis*, the district court dismissed Davis' habeas corpus application as time-barred despite the court's previous orders which had granted Davis additional time to file his habeas corpus application. The Fifth Circuit considered that those seemingly inconsistent rulings by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles. *Davis*, 158 F.3d at 808, 811-12. Somewhat similarly, in *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000), the Fifth Circuit held rare and exceptional circumstances existed to warrant equitable tolling where the petitioner was under the mistaken impression that he had until April 30, 1998, to file a timely § 2255 motion to vacate, and where that mistaken impression was furthered by the District Court who initially and incorrectly stated that the statute of limitations expired on April 30, 1998. Finally, in *Alexander v. Cockrell*, 294 F.3d 626, 629-630 (5th Cir. 2002), the Fifth Circuit concluded that the District Court had not abused its discretion by applying equitable tolling to a late-filed habeas corpus application where the Fifth Circuit's prior decision might have given the petitioner the "mistaken impression" that a subsequently filed habeas application would be timely.

Here, Weaver argues that two circumstances warrant the application of equitable tolling. First, Weaver contends that the limitations period should be tolled for the time his state application

for writ of habeas corpus was in the mail prior to filing (6 days) as well as the time the Texas Court of Criminal Appeals' ruling on his state application for writ of habeas corpus was in the mail prior to his receipt of such (an additional 6 days). Second, Weaver argues that the circumstances surrounding the dismissal of his first federal application for writ of habeas corpus for failure to exhaust, including the period of time the application was pending, warrants equitable tolling for at least the twelve days that this § 2254 proceeding was late-filed.[4] Neither circumstance is rare or exceptional.

Mail delays are both usual and foreseeable, and therefore will not support the application of equitable tolling. *E.g. Kangas v. Dretke*, 100 Fed. Appx. 977 (5th Cir. 2004). In addition, while the pendency of a prior federal application for writ of habeas corpus may warrant equitable tolling, *Duncan v. Walker*, 533 U.S. 167, 183-84 (2001); *Carter v. Dretke*, 2005 WL 491528 at *4 (N.D. Tex. 2005), here, Weaver's prior federal application was dismissed without prejudice by the District Court nearly a month before the limitations period expired. Weaver has not identified any rare or exceptional circumstance that precluded him from promptly thereafter filing his state application for writ of habeas corpus. *See Henderson v. Johnson*, 1 F.Supp.2d 650, 654 (N.D. Tex. 1998) ("tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time."). Instead, Weaver argues that the twenty-six day delay in filing his state application for writ of habeas corpus was reasonable and evinces his diligence in pursuing his state law remedies. Such a delay, however, given that the limitations period was readily calculable, and given the clear law at the time that the pendency

---

[4] Weaver has not argued or alleged that he was misled by either Respondent or the Court relative to the one year limitations period, or that he was prevented in some extraordinary way from timely asserting his rights. Moreover, there is no mention in the Order dismissing Weaver's previous federal application (Civil Action No. H-03-1415) for failure to exhaust of the timeliness of any subsequent § 2254 application.

of his federal application for writ habeas corpus would not statutorily toll the limitations period, *Duncan v. Weaver*, 533 U.S. 167 (2001), and that the "mailbox rule" would not be applicable to his filing of his state application for writ of habeas corpus, *see Coleman*, 184 F.3d at 402 ("We decline to extend the mailbox rule to the determination of filing dates for state habeas applications"), demonstrates a lack of diligence on Weaver's part. While Weaver is correct that he diligently pursued his direct appeal remedies, including seeking a writ of certiorari with the United State Supreme Court, the twenty-six day delay between the dismissal of Weaver's first federal application for writ of habeas corpus and the filing of his state application for writ of habeas corpus does not constitute diligence.

Therefore, because Weaver could have timely filed this action if he had exercised diligence in filing his state application for writ of habeas corpus following the dismissal of his first federal application for writ of habeas corpus, Weaver is not entitled to any equitable tolling. *See e.g., Ott v. Johnson*, 192 F.3d 210, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000) (finding neither rare nor exceptional circumstances where the petitioner's last minute filing of a state habeas application was "a matter totally within the control of " the petitioner, and the "state application readily could have been filed a few days earlier, allowing an adequate period for the filing of the federal petition after final denial of the state application"); *Kangas*, 100 Fed. Appx. 977 (5th Cir. 2004) ("The state's delay of nine days in transmitting the notice of the court's action on Kangas's application for state habeas relief, in combination with Kangas waiting until only three days remained in the statutory period to file his state writ application, does not constitute a 'rare and exceptional' circumstance warranting equitable tolling.").

**III.     Conclusion and Order**

Based on the foregoing and the conclusion that Weaver's § 2254 application was not timely filed under 28 U.S.C. § 2244(d) and that equitable tolling of the limitations period is not available, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 9) is GRANTED, Petitioner Steven Louis Weaver's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.[5]  It is further

ORDERED that a Certificate of Appealability is DENIED.  A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether

---

[5] Nothing in this Memorandum and Order precludes Weaver from seeking reinstatement of his prior federal application for writ of habeas corpus, Civil Action No. H-03-1415.

the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth herein, the Court determines that reasonable jurists would not find it debatable whether equitable tolling should apply in this case. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 17th day of August, 2005.

Frances H. Stacy
United States Magistrate Judge